Wade vs. Murray.

No. 8636.

## MARGARET A. WADE, TUTRIX, VS. CHAS. B. MURRAY, EXECUTOR.

### INTERVENTION OF A. ROCHEREAU.

Property acquired by an heir at a partition sale of his ancestor's succession, if paid for by his heritable share thereof, is and remains an inheritance, and the mode of acquisition is not a sale in the ordinary or legal sense of that word.

The resolutory condition which is implied in commutative contracts, and which inheres specially to a sale, does not attach to such mode of acquiring property.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*T. Gilmore & Sons* for Plaintiff and Appellant.

*C. E. Schmidt* for Intervenor and Appellee:

Action by the tutrix of two minor heirs of Lucretia Wade for the resolution of the adjudication made to one of their co heirs, H. F. Wade, Jr., at the licitation effected under the partition proceedings had in the succession of the said Lucretia; the plaintiff claiming that the said minors' portion of the price of adjudication had not in fact been paid them by the said H. F. Wade, their father, now deceased, and that, therefore, they are entitled to a resolution of the adjudication as to the share they inherited in the said property.

1. This action cannot be maintained. The resolutory condition is not implied in partitions, whether they be made in kind or by licitation, either between co-heirs or co-proprietors.

Where one of the co-heirs becomes the adjudicatee at the licitation made for the partition of the succession property, he is not considered as having acquired the specific property adjudicated to him, by purchase from his co-heirs, since, as is well said by the French commentators, "le partage n'est pas attributif, mais déclaratif de propriété." The heir to whom the property has been adjudicated is deemed to have acquired it from the deceased by right of inheritance. Troxler vs. Colley, 33 An. 428, 429; Porter vs. Depeyster, 18 La. 355.

Licitations are not subject to the resolutory action for non-payment of the price of adjudication. Laurent, Vol. 10, No. 412; Vol. 24, No. 460; Merlin, Quest. Vo. Résolution, § 6; Duvergier, Vol. 1, No. 145; Duranton, Vol. 16, Nos. 484, 485; Troplong, de la Vente, Vol. 1, No. 12; Vol. 2, No. 876; Rolland de Villargues, Rép. Vo. Résolution, No. 18.

2. The intervenor before accepting a mortgage on the property which he afterwards purchased, ascertained that both the cash and credit portions of the price at which the property had been adjudicated in the partition proceedings to H. F. Wade, Jr., had been paid, as shown by the authentic acts evidencing such payment adduced by him on the trial. With such evidence he was protected against the resolutory action, even if his vendor's title had been subject to the resolutory condition.

3. While both the father and mother of the minors were living, the minors were properly represented in the partition by their father, since they could, at the time, have been represented by no tutor, and Art 221, (267) C. C., says:

"The father is, during the marriage, administrator of the estate of his minor children." This provision corresponds with Art. 389, C. N. interpreting which, Laurent says, (Vol. 17, No. 517) that the right of the father as legal administrator of his minor child's property to receive what is due the latter, is undoubted and subject to no control. His right is the same as that of a tutor, although the law does not give the minor the same guaranties in such case as against a tutor. See also, 3 An. 610.

4. Whether the father has, or has not forfeited the legal usufruct of his minor child's estate during the marriage, he still retains its administration. Locré on Art. 389, C. N.; Vazeille, Vol. 2, No. 457; Zachariæ, § 99, note 12.

5. If the father of the minor plaintiffs squandered the inheritance left them by their grand-mother, his unfaithful administration can legally afford them, under the circumstances of this case, no ground of action for the recovery of any part of the property derived from him by the intervenor.

The opinion of the Court was delivered by .

MANNING, J.   The suit is for the resolution of a sale.

Lucretia Wade bequeathed her whole estate to her grandchildren, two of whom were children of her son Henry, who was living.   There were other forced heirs also, and the testamentary disposition was in consequence reduced, so that the two children of Henry became entitled to only 10-72 of the succession.

A partition was made under decree, and the property in question, an improved lot in this city, was bought by Henry at the sale for $22,500, one-third cash, and the residue on time.   The notes were secured by mortgage as usual.   It is alleged no money has ever been paid to or for these two minors by their father upon the purchase.   He was the debtor, as purchaser of the property, and this portion of the price was due his children, and no one could receive it but himself.   In due time all the notes, representing the credit instalments, were presented to the Recorder of Mortgages as paid, and the inscription of the mortgage was cancelled.

Albin Rochereau loaned Henry Wade a large sum of money taking a mortgage upon this property as security.   The records shewed it was unincumbered.   Wade afterwards went into bankruptcy, and at the sale of his estate, his creditor Rochereau bought this property to save his debt, or as much of it as he could.

Then Wade died, and the defendant became his executor, and his widow as tutrix of the two children instituted this suit.   Rochereau intervened to protect his title, and oppose the resolution of the sale.

It is conceded on both sides that the decision of Troxler vs. Colley, 33 Ann. 425, has totally changed or materially altered the legal attitude of the parties to this suit.   This suit was tried before that decision was rendered.   By it, the property acquired by an heir at a partition sale of the ancestor's succession and paid for with his heritable share thereof, is declared to be his separate property, and the mode of acquiring it to be not a sale in the ordinary acceptation of that word, nor in its legal sense.

That fundamental principle being thus established, the property acquired by Henry Wade at the partition sale was not an acquisition by purchase and sale, but was an inheritance, and it necessarily follows that the resolutory condition which is implied in commutative contracts, and which inheres specially in a sale, did not attach to it.

This suit is to enforce that condition. Its non-existence abates the suit.

The plaintiff's counsel feel the force of this inevitable deduction, but urge that the action in resolution is the only means by which these children can receive their share of the property purchased by their father, as he died, insolvent.

It seems a hard case, outside of the Pentateuch, that the sins of the fathers shall be visited upon the children, but it would be yet harder if the man who had lent his money on the faith of the father, and on the condition of the public records produced by him, should suffer instead of them. It would be cause for gratulation if the inexorable application of a legal principle always met the demands of justice as fitly as it does here.

Judgment affirmed.